No. 407
FIDELITY & CASUALTY CO. et v. DORMAN
Ohio Appeals, 9th Dist., Summit Co.
Nos. 932, 936. Decided March 13, 1925.

402. EXCEPTIONS—Party who does not object or except to what is claimed to be an erroneous charge in trial court, cannot take advantage of the error in the reviewing court.
PER CURIAM.

Leroy Dorman, while returning from work Feb. 24, 1923, was arrested, in Akron, by Arthur Andrews, a policeman. It was alleged that he was taken to the city building, questioned by Andrews and other policemen, and placed in the city prison. It was further alleged that Andrews, the next day assaulted Dorman in the hope of obtaining certain admissions from him. Dorman filed a petition in the Summit Common Pleas setting up two causes of action, first, false imprisonment and second, assault and battery by Andrews. The Fidelity & Casualty Co. was bondsman for Andrews in the sum of $1,000, and was joined with Andrews as co-defendant. A jury returned a verdict of $1,500 in favor of Dorman and judgment was rendered thereon.

Error was prosecuted and the Company and Andrews contended that the trial court erred

in not granting a new trial, it erred in its charge to the jury, and that the verdict is not supported by sufficient evidence and is excessive. It was contended that the court instructed the jury that exemplary damage might be found, the company maintaining that only compensatory damages could be recovered, and those not to exceed the amount of the bond which was $1,000. The Court of Appeals held:

1. The company and Andrews took no exceptions to the charge of the court, and where no exception is taken to the charge of the court and the ground of error alleged in the reviewing court is the refusal of the trial court to grant a new trial, where verdict is alleged to be against law or evidence, the reviewing court may consider the charge in connection with all the evidence and circumstances of the case in determining whether substantial justice has been done to the complaining party.

2. Reviewing court is therefore precluded from deciding whether court erroneously charged jury, and whether a new trial ought to have been granted.

3. It cannot be said in absence of a special finding by jury as to amount of exemplary or compensatory damages, how much if any exemplary damages were allowed at all. The jury may have allowed the full $1,000 as compensatory. Since there are no prejudicial errors the judgment of the trial court is affirmed'

Attorneys—Howell, Roberts & Duncan, of Cleveland, for Company; H. M. Hagelbarger, C. T. Moore and W. A. Kelly, Akron, for Andrews; Artee Fleming, Akron, for Dorman.